# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRENNEN CLANCY,**

      **Plaintiff,**

**v.**                                                **Case No.   6:19-cv-403-Orl-41GJK**

**MARIE BARTOSH, JENNY NIMER,**
**OFFICER WILES AND OFFICER**
**TAGG,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 17)** |
| **FILED:** | **August 13, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

On March 1, 2019, Plaintiff filed a Complaint against Defendants for deprivation of his civil rights and constitutional violations.[1]  Doc. No. 1.   On May 9, 2019, Plaintiff filed a motion for default judgment against Defendants.   Doc. No. 8.   On May 10, 2019, the undersigned issued an order denying the motion for default because Plaintiff had failed to properly serve Defendants.

---

[1] Plaintiff paid the filing fee when he filed his Complaint, he did not file a motion for leave to proceed *in forma pauperis* before this Court.   Doc. No. 1.

Doc. No. 9.  The Court explained how service could be effected upon Defendants pursuant to Federal Rule of Civil Procedure 4 and advised Plaintiff that his purported service via first class mail did not constitute service.  Doc. No. 9 at 2.

On July 10, the Court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for want of prosecution and for failure to comply with Federal Rule of Civil Procedure 4(m).  Doc. No. 12.  Plaintiff was advised failure to reply could result in the imposition of sanctions, including dismissal.  *Id.*  On July 23, 2019, Plaintiff filed a Response to the Order to Show Cause explaining that he had been in contact with representatives for Defendants, and that he mailed certified summonses.  Doc. No. 14.  On July 30, 2019, the Court issued an order dismissing the case without prejudice for failure to prosecute because "Plaintiff admits [he] failed to properly serve Defendants . . . despite being given specific instructions on how to [do] so."  Doc. No. 15.  The Court also noted that Plaintiff did not set forth any plans for service or provide a sufficient explanation as to why service had not yet occurred.  *Id.*

On August 13, 2019, Plaintiff filed a Notice of Appeal and a Motion for Permission to Appeal In Forma Pauperis and Affidavit (the "Motion").[2]  Doc. Nos. 16 and 17.  When a movant seeks leave to proceed *in forma pauperis* his appeal is subject to a frivolity determination.  *Figueroa-Negron v. Calero*, No. 17-13149-G, 2019 U.S. App. LEXIS 15058, at *4 (11th Cir. May 21, 2019) (citing 28 U.S.C. § 1915(e)).  An action is frivolous "if it is without arguable merit

---

[2] This matter was referred to the undersigned on August 15, 2019.  Doc. No. 17.  The Fourth, Fifth, Sixth, Ninth and Tenth Circuits have held that magistrate judges have no authority to enter an order denying *in forma pauperis* status because such a ruling is dispositive.  *See Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015); *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004); *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990); *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988); *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005).  The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive or dispositive ruling.  Based on the cited authorities, the undersigned will treat this matter as a dispositive ruling and issue a Report and Recommendation.

either in law or fact." *Figueroa-Negron*, 2019 U.S. App. LEXIS 15058, at *4 (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Plaintiff seeks review of the Court's order dismissing this case without prejudice for Plaintiff's failure to prosecute due to Plaintiff's failure to attempt proper service on Defendants. Doc. No. 16. Plaintiff was advised by the Court that his service via first class mail on Defendants did not satisfy Rule 4. Doc. No. 9 at 2. Plaintiff was also directed to respond to an order to show cause why this case should not be dismissed for failure to comply with Rule 4(m). Doc. No. 12. Rather than ask for more time to perfect service or attempt to serve in an acceptable manner, Plaintiff has maintained that his service via regular mail is sufficient for all Defendants. Doc. Nos. 8, 14, 16.

The Court "has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see* Fed. R. Civ. P. 41(b). A district court's dismissal of an action for failure to comply with the rules of court is reviewed for an abuse of discretion. *Zocaras*, 465 F.3d at 483. Typically, "a dismissal without prejudice . . . is not an abuse of discretion" particularly "where a litigant has been forewarned about the possibility of dismissal." *Adeniji v. Bondi*, No. 18-13860-A, 2019 U.S. App. LEXIS 17695, at *6 (11th Cir. June 12, 2019) (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Where Plaintiff failed to take any action to correct his service problems, the Court was within its discretion to dismiss the action without prejudice. *Figueroa-Negron*, 2019 U.S. App. LEXIS 15058, at *5 (finding district court did not abuse its discretion in dismissing a complaint with prejudice where plaintiff failed to comply with orders which required plaintiff to file an appropriate summons, and included warnings the complaint could be dismissed); *Adeniji*,

2019 U.S. App. LEXIS 17695, at *6 (plaintiff repeatedly forewarned failure to amend complaint would result in dismissal and dismissal without prejudice was not an abuse of discretion). An appeal of the Court's order dismissing without prejudice would be frivolous.

Based on the forgoing, it is **RECOMMENDED** that the Motion (Doc. No. 17) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 20, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties