UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRENNEN CLANCY,**

  **Plaintiff,**

v.               **Case No: 6:19-cv-403-Orl-41GJK**

**MARIE BARTOSH, JENNY NIMER,**
**OFFICER WILES and OFFICER**
**TAGG,**

  **Defendants.**
                /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* (Doc. 17). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation (Doc. 19), which recommends denying the Motion. Plaintiff filed an Objection (Doc. 20) to the Report and Recommendation. After a *de novo* review of the record, the Court agrees with the analysis in the Report and Recommendation.

This case was dismissed without prejudice for failure to prosecute because Plaintiff did not properly serve Defendants despite being given specific instructions on how to do so. In the Report and Recommendation, Judge Kelly explained that "[t]ypically, a dismissal without prejudice . . . is not an abuse of discretion particularly where a litigant has been forewarned about the possibility of dismissal." (Doc. 19 at 3 (quotation omitted)). And, "[w]here Plaintiff failed to take any action to correct his service problems, the Court was within its discretion to dismiss the action without prejudice." (*Id.*). Thus, Judge Kelly concluded that "[a]n appeal of the Court's order dismissing [this case] without prejudice would be frivolous." (*Id.* at 4).

In his Objections, Plaintiff does not dispute the factual basis of the matter—i.e., that he failed to properly serve Defendants under the Federal Rules of Civil Procedure—but instead, he argues that his improper service should be accepted because an attorney appeared on behalf of one of the Defendants. Liberally reading Plaintiff's argument, the Court construes this as an argument of waiver.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Nevertheless, objections to service of process can be waived by the party over whom jurisdiction is sought." *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 790 (11th Cir. 2017) (quotation omitted). "Challenges to service of process will be waived . . . if not raised under Federal Rule of Civil Procedure 12. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008)

"Under Rule 12, a party must raise any objections to the sufficiency of service of process in his or her first response to the plaintiff's complaint." *Pouyeh* 718 F. App'x at 790. "In other words, the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer." *Id.*

Contrary to Plaintiff's assertion, no Defendant in this case has filed an Answer or otherwise responded to the Complaint. Thus, there has been no waiver of service of process. Further, to the extent Plaintiff is arguing that the Court should have ordered service by the United States marshal, no such request was made as required by Federal Rule of Civil Procedure 4(c)(3). Thus, Plaintiff's objections are without merit and are overruled.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 19) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party